IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE MITCHELL, | ) | |
| | ) | Case No: 11 cv 3040 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| LARRY'S CARTAGE CO., INC., | ) | |
| an Illinois Corporation, | ) | |
| | ) | Trial by Jury |
| Defendant. | ) | |

**COMPLAINT**

**I.       INTRODUCTION**

1. This is an action for employment discrimination brought pursuant to the Americans with Disabilities Act as amended, (ADAA) effective January 1, 2009, and the Family and Medical Leave Act, (FMLA). In violation of each of these statutes, plaintiff was terminated from his employment as a truck driver in October, 2009. Plaintiff is seeking actual and punitive damages, liquidated damages and injunctive relief including reinstatement.

**II.      JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

3. Venue is appropriate in this judicial district pursuant to 28 U.S.C §1391(b) because the defendant resides in this district and the events giving rise to the claim arose in this district.

**III.     EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4. Plaintiff filed his discrimination charge with the United States Equal Employment Opportunity Commission, "EEOC", on July 26, 2010 and received a Right to Sue Letter dated February 17, 2011. (<u>See</u> Exhibit A attached to the complaint.)

## IV. THE PARTIES

5. Plaintiff Bruce Mitchell is an adult male citizen of the United States who currently resides in Michigan City, Indiana. Mr. Mitchell was hired in July, 2008 by defendant as a truck driver.

6. Defendant Larry's Cartage Co., Inc. (referred to herein as "defendant" or "Larry's Cartage") is headquartered in Burr Ridge, Illinois and on information and belief provides trucking and delivery services throughout the Midwest.

## V. FACTUAL ALLEGATIONS

7. Between the start of his employment and October 5, 2009, plaintiff met or exceeded defendant's job expectation as a truck driver for the company. He was never criticized or disciplined for his performance.

8. Plaintiff suffers from a chronic episodic respiratory/allergic illness. In September, 2009, plaintiff suffered an exacerbation of his illness and experienced severe coughing and difficulty breathing. His treating physician prescribed a two week course of medicine that contained narcotics to treat the illness.

9. Plaintiff worked Monday through Thursday of the week of September 21, 2009. He was scheduled for a day off on Friday, September 25, 2009. On Friday, September 25, 2009 the plaintiff started taking the medication.

10. On Monday, September 28, 2009, plaintiff called defendant to request a schedule accommodation. In particular, at the instruction of his physician and in accordance with company policy, Mitchell requested that he be kept off the schedule for two weeks while he completed the course of medication because it would not be safe for him to drive. Because no

one answered the company phone, Mitchell left the information regarding his requested accommodation on the company voicemail. His call was not returned.

11. The following day, Tuesday, September 29, 2009 plaintiff went to the pharmacy to fill a prescription for his hypertension, at which point he learned that his health insurance had been cancelled.

12. Plaintiff continued to call the workplace every day to discuss his absence and to inquire about the status of his insurance. His calls were not answered or returned.

13. Mr. Mitchell received a certified letter from defendant, dated October 5, 2009, stating that effective that day, October 5, 2009, Larry's Cartage accepted Mr. Mitchell's "resignation". The letter also stated that Mr. Mitchell's medical insurance would be cancelled immediately, although it had already been cancelled on or before September 29, 2009. Mr. Mitchell then telephoned the company and finally spoke to Vice President Bob Zoufal who told Mitchell he had been let go due to lack of work.

14. Defendant contested plaintiff's eligibility for unemployment compensation benefits first alleging that plaintiff had been terminated for "misconduct" and then later stating that he had abandoned his job. Plaintiff was ultimately found eligible based on findings of no misconduct and no voluntary leaving.

15. As a result of this termination Mr. Mitchell lost salary and benefits, has had to pay for and/or forgo medical treatment for himself and his children and has suffered emotional injury.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT LARRY'S CARTAGE COMPANY, INC., FOR VIOLATION OF THE AMERICANS WITH DISABILITIES AMENDMENTS ACT

16. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Amendments Act since his chronic respiratory condition, in its active state, is a physical impairment that substantially limits one or more major life activities.

17. Defendant Larry's Cartage Co. Inc. failed to accommodate the plaintiff by allowing him two weeks leave and terminated plaintiff because of his disability in violation of the ADA, 42 U.S.C. § 12111 *et seq*. as amended.

18. Defendant's action was willful and malicious in reckless disregard of plaintiff's rights.

19. As a result of the defendant's actions as set forth herein, the plaintiff has suffered and will suffer substantial economic loss, including lost wages, benefits and lost future income.

20. As a result of the defendant's actions as set forth herein, the plaintiff has suffered substantial emotional and/or physical injury.

WHEREFORE, plaintiff respectfully requests that after trial by jury in this cause, this court enter judgment:

    A. Awarding plaintiff injunctive relief including reinstatement.

    B. Awarding plaintiff compensatory and punitive damages.

    C. Awarding plaintiff all reasonable attorneys fees and costs in connection with his prosecution of this action.

    D. Any additional relief that this Court deems just.

## SECOND CLAIM FOR RELIEF FOR VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT.

21. Bruce Mitchell is an "eligible employee" of defendant, as that term is defined at 29 U.S.C. § 2611(2)(A), and he required leave from his employment due to a serious medical condition.

22. Defendant Larry's Cartage Company, Inc. is an "employer" as that term is defined at 29 U.S.C.§ 2611(4)(A).

23. Plaintiff was entitled to leave under the FMLA because of a serious health condition that required him to seek medical attention and to undergo treatment including taking a medication containing narcotics for two weeks that prevented him from working.

24. Plaintiff notified the defendant via repeated phone messages that he required time off to take his prescribed medication.

25. Defendant refused and failed to return plaintiff to his position and terminated plaintiff from his employment for having requested two weeks leave to recover from his illness.

26. As a result of the defendant's actions, plaintiff has suffered and will suffer substantial economic loss, including back wages and benefits.

27. The actions of the defendant as set forth herein were willful, wanton and/or taken with reckless disregard for the rights of the plaintiff.

28. The actions of the defendant interfered with the plaintiff's attempt to exercise rights under the FMLA and retaliated against plaintiff for attempting to exercise such rights in violation of 29 U.S.C. § 2615.

WHEREFORE, plaintiff respectfully requests that this Court, after trial by jury, enter judgment against defendant:

    A. Awarding plaintiff compensatory and liquidated damages.

    B. Reinstating plaintiff to his position as truck driver.

    C. Awarding plaintiff his reasonable attorneys fees, costs and injunctive relief.

    D. Awarding whatever additional relief this Court deems just.

Respectfully submitted,

/s Joanne Kinoy
One of the Attorneys for Plaintiff

Joanne Kinoy
Miriam N. Geraghty
Kinoy, Taren & Geraghty P.C.
Attorneys for Plaintiff
224 S. Michigan Ave.
Suite 300
Chicago, IL 60604
Tel: (312) 663-5210
Fax: (312) 663-6663
Email: ktgkinoy@aol.com
ARDC # 1468359 (Kinoy)
ARDC # 0937150 (Geraghty)